CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

February 24, 2025

LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:15CR00018-014 |
| v. ) | OPINION |
| SILAS FEE, ) | JUDGE JAMES P. JONES |
| Defendant. ) | |

*Drew O. Inman*, Assistant United States Attorney, Roanoke, Virginia, for United States; *Erin Trodden*, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.

The defendant, previously sentenced to imprisonment by this Court, moves to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines (USSG). For the following reasons, I will grant the defendant's motion.

Silas Fee was sentenced by this Court on January 4, 2017, to a total term of imprisonment of 195 months following his convictions for conspiracy to possess with intent to distribute methamphetamine (Count 1s), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and possession of a firearm during a drug trafficking crime (Count 8s), in violation of 18 U.S.C. § 924(c). The term imposed on Count 1s was

135 months, with the mandatory term on Count 8s of 60 months to be served consecutively, for a total sentence of 195 months.[1]

The parties agree that under Part A of Amendment 821 the defendant is eligible for a reduction of his guideline range as to Count 1s from 120 - 150 months to 100 - 125, based on a reduction of his Criminal History Category from V to IV. Addendum to Presentence Report 1, ECF No. 913. A reduction comparable to the original term would produce a sentence of 113 months for Count 1s, together with the consecutive sentence of 60 months for Count 8s, for a total sentence of 173 months, compared to his present total sentence of 195 months. *Id.*

Although it agrees that Fee is eligible for reduction, the government opposes any such reduction. The government objects based on the serious nature of the defendant's crimes, his repetitive criminal history, and its characterization of his original sentence as "lenient," based upon the government's stipulation at the time of sentencing that Fee would be responsible for only one kilogram of methamphetamine mixture.

In turn, the defendant argues whatever the reason for the government's stipulation of the drug weight at sentencing, including a negotiated result "in light of the vicissitudes of trial practice," Def.'s Resp. 6, EC F No. 920, he should be

---

[1] The judgment also provided that the federal sentence would be served concurrently with a state sentence then being served. It appears that Fee has yet to be received into federal custody.

treated as other similar coconspirators have been treated under Amendment 821.[2] Moreover, Fee points out that his prior criminal history was modest and he has a single minor disciplinary charge on his record during his present prison term. He has completed a number of vocational courses, thus hopefully reducing his chances of recidivism.

Even where a defendant is eligible for a reduced sentence under the Amendment, the court must still consider the applicable 18 U.S.C. § 3553(a) factors. USSG Application Note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after imposition of the [original] term of imprisonment."

I find after considering the applicable § 3553(a) factors, that the defendant is qualified for relief. A separate Order will be entered reducing his sentence under Count 8s to 113 months.

DATED: February 24, 2025

/s/  JAMES P. JONES
Senior United States District Judge

---

[2] For example, Ralph Marlow, indicted with Fee and charged with the same crimes, had his sentence reduced by this Court under Amendment 821. Order, Case No. 2:15CR00018-011, ECF No. 892 (W.D. Va. Jan. 23, 2024). Marlow was a supplier of drugs on occasion to Fee for resale. *Id.*, Guilty Plea Tr. 17, ECF No. 726 (government's proffer at Marlow's change of plea hearing).